**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

UNITED STATES OF AMERICA,

    Plaintiff,

  v.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE,

    Defendant.

Case No. 1:26-cv-11352-RGS

**BRIEF IN SUPPORT OF CERTIFICATION OF RELATED CASES**

Pursuant to Local Rule 40.1(g)(1) and this Honorable Court's March 20, 2026, Electronic Order (ECF 5), Plaintiff United States of America ("United States") submits the following brief in support of its Certification of Related Cases (ECF 1–3) further stating how the above-titled case is related to *Alexander Kestenbaum, et al. v. President and Fellows of Harvard College*, No. 1:24-cv-10092-RGS (D. Mass. 2024) ("*Kestenbaum*").

Local Rule 40.1(g)(1) provides, in pertinent part, that "… a civil case shall be deemed related to another civil case only if: (A) some or all of the parties are the same; and (B) one or more of the following similarities exist: i. the cases involve the same or substantially similar issue of fact; ii. the cases arise out of the same occurrence …" L.R. 40.1(g)(1)(A)-(B).  Here, Plaintiff asserts that prongs A and B(i)-(ii) of L.R. 40.1(g)(1) trigger this matter's relatedness to *Kestenbaum*.[1]

L.R 40.1(g)(1)(A) is satisfied because this action and *Kestenbaum* share a common Defendant, President and Fellows of Harvard College ("Harvard"). *Cf.* ECF 1; *Kestenbaum*, Second Amended Complaint ("SAC"), ECF 63. Although the present case and *Kestenbaum*

---

[1] The "Time Limitation" factor of L.R. 40.1(g)(4) does not preclude this case from being related to *Kestenbaum* as the March 20, 2026, filing of this case occurred within two years of the May 15, 2025, closing of the *Kestenbaum* case. *See* ECF 1; *Kestenbaum*, ECF 136.

involve distinct plaintiffs, it is worth noting that witness accounts from some of the *Kestenbaum* plaintiffs that formed the factual bases of the *Kestenbaum* Title VI and breach of contract claims, in part, also form part of the factual bases of the United States' claims that Defendant Harvard violated Title VI of the Civil Rights Act of 1964 and breached its contract with the United States while receiving Federal financial assistance when Harvard engaged in intentional discrimination and manifested deliberate indifference to a hostile campus environment against Jewish and Israeli students. *C.f.*, *e.g.*, ECF 1 at ¶¶ 24-31, 105, 110; *Kestenbaum*, SAC, ECF 63 at ¶¶ 114-119, 125-126, 142, 153; *see also* Kestenbaum v. President & Fellows of Harvard Coll., 743 F. Supp. 3d 297, 303-05, 307-10 (D. Mass. 2024) (where this Honorable Court previously highlighted some of the events and occurrences alleged by the *Kestenbaum* plaintiffs and here by the United States as creating a hostile campus environment for Jewish and Israeli students at Harvard).

Indeed, the L.R. 40.1(g)(1)(B)(i)-(ii) relatedness factors are satisfied here because this case and *Kestenbaum* involve "…the same or substantially similar issue[s] of fact…" and "…arise out of the same occurrence[s]…" *See*, *e.g.*, *id*. For example, on the thirteenth day of the twenty-day Harvard Yard encampment that terrorized Jewish and Israeli students and violated long-established campus conduct codes that, in turn, followed nearly six months of unchecked discrimination against Jewish and Israeli students on campus, Harvard certified that it was in compliance with Title VI so that it could receive financial aid from the United States. *C.f.* ECF 1 at ¶¶ 12-48, 101-119, 127-133; *Kestenbaum*, SAC, ECF 63 at ¶¶ 111-275; *see also* Kestenbaum, 743 F. Supp. 3d at 304 (where this Honorable Court described the erection of the Harvard Yard encampment as a "flash point").

Because these cases are substantially similar in terms of common parties, witness accounts, issues of fact, and occurrences rather than "solely on the ground that they … otherwise

2

involve a common question of law[,]"[2] this case is related to *Kestenbaum* pursuant to Local Rule

40.1(g)(1).

Respectfully submitted,

March 26, 2026

<div style="margin-left:40%">

JEFFREY MORRISON (MO No. 44401)
Deputy Assistant Attorney General


*/s/ Daniel S. Flickinger*
JOHN P. MERTENS (UT No. 14522)
Acting Chief, Educational Opportunities Section
DANIEL S. FLICKINGER (AL No. 9539N77F)
Senior Counsel
ADAM F. GRIFFIN (NC No. 55075)
Trial Attorney
JOSHUA R. ZUCKERMAN (DC No. 1724555)
Trial Attorney
Civil Rights Division
U.S. Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530
Telephone: (202) 532-3893
Email: john.mertens@usdoj.gov

ATTORNEYS FOR PLAINTIFF
UNITED STATES OF AMERICA

</div>

---

[2] L.R. 40.1(g)(3) provides that cases are not related, "…even when they involve some or all of the same parties … solely on the ground that they … otherwise involve a common question of law."  While Plaintiff concedes that both this case and *Kestenbaum* involve common questions of law with respect to whether Harvard violated Title VI and breached its funding contract with the United States, as highlighted, *supra*, the similarities do not end there, as both this case and *Kestenbaum* also share substantially similar witness accounts, issues of fact, and occurrences consistent with L.R. 40.1(g)(1).

**CERTIFICATE OF SERVICE**

I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, and

I will email a file-stamped copy of the foregoing to the following counsel who waived service of

summons on behalf of the Defendant this, the 26th day of March, 2026.


Robert K. Hur
King & Spalding LLP
1700 Pennsylvania Avenue NW
Washington, DC 20006
rkhur@kslaw.com
(202) 383-8969

<div align="right">

*/s/ Daniel S. Flickinger*
Daniel S. Flickinger

</div>