UNITED STATES DISTRCIT COURT

DISTRICT OF MASSACHUSETTS

Case No: 26-CV-11352

The United States of America,       )

              Plaintiff             )

              V.                    )

President and Fellows of Harvard     )

College,                            )

              Defendants.           )

**Motion to Reconsider the Order of 05/15/2026 Denying the Petitioner's Motion to File Brief Amici Curiae in Defense of the Plaintiff, and Memorandum of Law**

Now comes the Petitioner, Kaveh L. Afrasiabi, and moves the Honorable Court to reconsider the Order of 05/15/2026 denying his Motion For Leave To File Brief Amici Curiae in Support of the Plaintiff's Legal Action Against the Defendants. As ground for its decision, the Court has stated that the substance of Petitioner's Motion does not relate to any of the legal issues raised in this action. The Petitioner respectfully disagrees with the Court's conclusion in light of the direct relevance of the Petitioner's Motion to the Title VI of the Civil Rights Act, which constitutes the core legal issue of the instant action. The Petitioner's Motion sufficiently alleges evidence of intentional discrimination against him by the Defendant Harvard University, thus warranting the Court's acceptance of his Motion.

1

To elaborate, the Petitioner presents the following memorandum of law in support of this Motion:

**Memorandum of Law**

1. The Petitioner is a Muslim Iranian-American who has been systematically discriminated against by the Defendant, which has (a) subjected him, member of an ethnic and religious minority,  to a false arrest/imprisonment in retaliation against the Petitioner's whistleblowing at Harvard, and (b) discriminated against the Petitioner further by subjecting him to an illegal no-trespass order banning him not simply from Harvard campus but also all "Harvard property" including the property leased out to commercial business in the City of Cambridge, without ever bothering to provide any explanation for the ground for this exclusion.

2. Title VI of the Civil Rights Act of 1964 provides: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d.  Guardians Assn. v. Civil Svc. Comm'n, 463 U.S. 582 (1983); Alexander v. Choate, 469 U.S. 287, 292–93 (1985).

3. There is no doubt that the Defendant would never engage in the atrocious rights abuse against the Petitioner, recounted in his Motion for Leave to File Brief Amici Curiae, if his name were John Adams.  The racist and discriminatory practice of the Defendant complained of by the Petitioner thus bears direct relation to the Title VI legal causes of

2

action initiated by the Plaintiff in this instant action. Intentional discrimination against the Petitioner under Title VI has occurred because of his race, religion, and ethnicity. Pers. Adm'r of Mass. v. Feeney, 442 U.S. 256, 279 (1979).[1]

4. With respect to the discriminatory exclusion of the Petitioner from "all Harvard property," the Petitioner states that as a member of the public the Petitioner has the right to attend all events at Harvard that are "open to public." Yet, the Petitioner has been banned per a no-trespass order that was issued by Harvard Police against him in 1996 and is still in effect, per the email of Harvard Police Public Relations Officer, Steven Catalano, dated May 2, 2026, stating: "Your request to have your trespass order rescinded is denied. The order is still in effect. If you come onto the property, you are subject to arrest." The Petitioner has repeatedly requested an explanation of the ground for the said no-trespass order and has never received any response. A clue to the outrageous unlawfulness of this trespass order is that it infringes on the right of commercial businesses in Cambridge on Harvard property that have the sole discretion on who is allowed on their rental property.

5. The Petitioner reiterates that (a) he is a former research scholar at Harvard, (b) is widely published by various Harvard publications, (c) his books are in circulation at various Harvard libraries, (d) he has been fully exonerated of the trumped-up charges brought by Harvard police in order to silence him and there is absolutely no justification whatsoever for continuing the systematic pattern of racial discrimination against him. Furthermore,

---

[1] The language of Title VI, on its face, is ambiguous; the word "discrimination" is inherently so. It is surely subject to the construction given the antidiscrimination proscription of Title VII in *Griggs v. Duke Power Co.,* 401 U. S. 424 (1971).

3

the Petitioner is supported by many members of Harvard community, including the late Ashton Carter, former director of Preventive Diplomacy at Harvard's Kennedy School of Government, with whom the Petitioner cooperated in a joint "incident at sea" proposal to US and Iranian governments.[2] Another prominent supporter of the Petitioner at Harvard is the late Professor Joseph Nye, who defended the Petitioner in a letter to Harvard President, reflected in the Petitioner's eulogy for Nye on Harvard's website.[3] The Harvard administration has, sadly, opted to turn a blind eye to the wellspring of support for the Petitioner at Harvard by persisting with their unlawful mistreatment and discrimination that violates Title VI of the Civil Rights Act.  As stated in the Petitioner's initial motion, he is a victim of gross and unconscionable rights abuse by the Defendant Harvard University, which was a defendant in the Petitioner's civil rights action in the federal court in Boston, 12200EFH, which went to a 10-day jury trial with the Petitioner acting as his own attorney since his attorney, Margaret Burnham, walked out on him on the eve of the trial despite a signed contract and the judge refused to either compel Burnham to represent him or to give him time to procure another attorney, i.e., a travesty of justice.[4]

6. Petitioner requests from this Court to refrain from the familiar malady of legal Harvard-favoritism, which has been solely responsible for the failure of the courts to hold Harvard

---

[2] https://www.eurasiareview.com/15012016-incident-at-sea-agreement-between-us-and-iran-oped/.

[3] https://www.belfercenter.org/collection/remembering-joseph-s-nye-jr.

[44] Subsequently, Petitioner discovered that Burnham was a close associate of Harvard's general counsel at the time, Margaret Marshal, and both were members of a 'Truth Commission" on post-apartheid South Africa.  Petitioner has complained of unethical conduct by Burnham to the Massachusetts Board of Bar Overseers. Petitioner has devoted a whole chapter to Burnham's betrayal of his client in the book, Looking For Rights At Harvard: https://www.amazon.com/Looking-Rights-Harvard-Kaveh-Afrasiabi/dp/1439268835.

responsible for its egregious, and unlawful, misconduct vis-à-vis the Petitioner, recounted

to this Court in his Motion.

*Wherefore,* the Petitioner prays the Court to reconsider its Order of 05/15/2026 in the interest of justice.


Respectfully Submitted,

Kaveh L. Afrasiabi, Ph.D., Pro Se

103 Indian Hill Road,

Carlisle, MA 01741

(617) 3199276


Certificate of Service: A true Copy of this Petition has been served on the US Department of Justice, civil rights division, on this date, May 15, 2026.

5