**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF<br>HARVARD COLLEGE,<br><br>      Defendant. | Case No. 1:26-cv-11352-RGS<br><br>Oral Argument Requested |

## DEFENDANT'S MOTION TO DISMISS AMENDED COMPLAINT

Defendant President and Fellows of Harvard College moves to dismiss this action with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The grounds for this motion, which are explained in detail in the accompanying Memorandum of Law, include the following:

1.      The Court should dismiss the Government's Title VI claims (Counts I, II, and III) because the Amended Complaint does not plausibly allege any ongoing or threatened noncompliance with Title VI and does not allege compliance with Title VI's procedural prerequisites.

2.      The Court should dismiss the Government's deliberate indifference claim (Count II) because the Amended Complaint does not plausibly allege a hostile educational environment or that Harvard was deliberately indifferent. It should also be dismissed because the central factual premise underlying the claim—that Harvard failed to take meaningful action to address antisemitism on its campus—was already fully litigated and resolved by a final judgment in

*President & Fellows of Harvard College v. U.S. Department of Health & Human Services*, 798 F. Supp. 3d 77 (D. Mass. 2025).

3.     The Court should dismiss the Government's Title VI direct-discrimination claim (Count III) because the Amended Complaint does not plausibly allege that Harvard acted with anti-Jewish or anti-Israeli discriminatory animus.

4.     The Court should dismiss the Government's Title VI negligence claim (Count I) because the Amended Complaint's theory that Harvard can be held liable under Title VI for "negligent conduct" is unavailable as a matter of law.

5.     The Court should dismiss the Government's breach of contract claim (Count IV) because it fails along with the Title VI claims, and because the institution-wide rescission and restitution sought are precluded by Title VI's remedial scheme, basic principles of contract law, and principles governing spending legislation.  This claim should also be dismissed because the Amended Complaint does not plausibly allege the basic elements of breach of contract.

6.     The Court should dismiss the Government's claims because this litigation is a continuation of the Government's ongoing campaign of retaliation against Harvard for refusing to capitulate to government demands and for exercising its First Amendment rights.

7.     WHEREFORE, Harvard respectfully requests that the Court dismiss this action with prejudice in its entirety.

## **<u>REQUEST FOR ORAL ARGUMENT</u>**

Pursuant to Local Rule 7.1(d), Harvard respectfully requests oral argument of this Motion.

DATED: June 30, 2026                          Respectfully Submitted,


                                           */s/ Felicia H. Ellsworth*

Robert K. Hur (*pro hac vice*)                 Felicia H. Ellsworth, BBO # 665232
KING & SPALDING LLP                            WILMER CUTLER PICKERING
1700 Pennsylvania Ave. NW, Suite 900             HALE AND DORR LLP
Washington, DC 20006                           60 State Street
T: (202) 383-8969                              Boston, MA 02109
F: (202) 626 3737                              T: (617) 526-6000
rhur@kslaw.com                                 F: (617) 526-5000
                                               felicia.ellsworth@wilmerhale.com


Joshua S. Levy, BBO # 563017                   Steven P. Lehotsky, BBO # 655908
ROPES & GRAY LLP                               LEHOTSKY KELLER COHN LLP
The Prudential Tower                           200 Massachusetts Ave. NW, Suite 700
800 Boylston Street                            Washington, DC 20001
T: (617) 951-7000                              T: (512) 693-8350
F: (617) 951-7050                              F: (512) 727-4755
joshua.levy@ropesgray.com                      steve@lkcfirm.com

## LOCAL RULE 7.1 CERTIFICATION

The undersigned hereby certifies that on June 29, 2026, counsel for Defendant conferred with counsel for Plaintiff in a good faith attempt to resolve or narrow the issues involved in this motion, and that the parties did not reach an agreement.

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth

## CERTIFICATE OF SERVICE

I hereby certify that on June 30, 2026, I caused this document to be filed through the CM/ECF system, where it will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

*/s/ Felicia H. Ellsworth*
Felicia H. Ellsworth