UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 26-11352-RGS

UNITED STATES OF AMERICA

v.

PRESIDENT AND FELLOWS OF HARVARD COLLEGE

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

August 13, 2026

STEARNS, D.J.

Plaintiff United States of America (the Government) filed this enforcement action against defendant President and Fellows of Harvard College (Harvard) on March 20, 2026, alleging violations of Title VI of the Civil Rights Act of 1964.  Harvard moves to dismiss the enforcement action for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  For the following reasons, the court will allow Harvard's motion.

## DISCUSSION

Harvard moves to dismiss on several grounds.  The court begins (and ends) with Harvard's first argument, namely, that the Government has not sufficiently pled an ongoing violation of Title VI.

The Amended Complaint focuses almost entirely on incidents that took place during the 2023-2024 school year.[1] Only three incidents are alleged to have occurred after this period, all of which took place nearly a full year later (and more than one full academic year before this case was filed) in March of 2025. Without diminishing any concern arising from these occurrences, the court finds them, singly and collectively, to be too isolated and episodic to support a plausible inference that any institutionalized noncompliance with Title VI persists at Harvard to this day.

The Government, perhaps in a sense of the foreboding, repositions its argument on the alternative ground that, ongoing or not, it has stated a viable claim for damages associated with the less contestable 2023-2024 academic year violations. Assuming without deciding that an action for recovery of previously-granted funds qualifies as "any other means authorized by law" (whether through Title VI or a breach of contract theory of liability),[2] the controlling statute unequivocally authorizes the Government to take action

---

[1] Because the factual allegations pertaining to the 2023-2024 school year have been well fleshed out in prior cases, *see, e.g.*, *Kestenbaum v. President & Fellows of Harvard Coll.*, 743 F. Supp. 3d 297, 303-305 (D. Mass. 2024); *President & Fellows of Harvard Coll. v. United States Dep't of Health & Hum. Servs.*, 798 F. Supp. 3d 77, 92-102 (D. Mass. 2025), the court does not further rehearse them here.

[2] The court makes this assumption for the sake of argument and expresses no opinion on merits of this issue.

*only if* and *after* it "has advised the appropriate person or persons of the failure to comply with the requirement and has determined that compliance cannot be secured by voluntary means."   42 U.S.C. § 2000d-1.   The Government provided the requisite notice underlying this action on June 30, 2025.   As noted above, the Amended Complaint is devoid of any factual allegations plausibly establishing that any events that might be construed as evidence of noncompliance occurred after June 30, 2025.[3]

To the extent the Government argues that this result makes it "virtually impossible for the United States to win a Title VI suit because a reasonable defendant would cease its indifference as soon as the United States threatens to withhold funding," Opp'n [Dkt # 56] at 31 n.6, the Government misconstrues, inadvertently or not, the purpose of an enforcement action under § 2000d-1.  Congress's intent was not to penalize a wayward funding recipient but instead to incentivize it to bring itself into compliance with Title

---

[3] The Government maintains that it "determined that compliance cannot be secured by voluntary means," which is all the statute requires. *See* Opp'n at 11-12.  But this understanding of the determination requirement is inconsistent with the compliance-oriented focus of the statute.  In any event, the Government has a duty under the Administrative Procedure Act to act within the bounds of reasonableness, and the Government does not identify any rational basis for its determination.  (That Harvard did not act within the exact confines of the Government's commands is not a rational basis; the focus is on compliance with Title VI, not on compliance with specific governmental demands.)

VI.  Even in the Government's fevered forewarning of potential havoc, it concedes that its own hypothetical result is a positive, if roughly achieved, outcome.  If comfort is needed, the court's ruling does not have as broad an impact as the Government asserts.  This decision is limited to the specific circumstances presented here, where there is no plausible allegation of noncompliance following statutory notice.

### ORDER

For the foregoing reasons, Harvard's motion to dismiss is <u>ALLOWED</u>. The Clerk shall dismiss the case.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE